UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>OMAR LIZARRAGA-CEDANO,<br><br>           Defendant. | No. CR-04-015-FVS<br><br>ORDER DENYING MOTION TO VACATE |

**THIS MATTER** comes before the Court without oral argument based upon Omar Lizarraga-Cedano's motion to vacate. He is representing himself. The government is represented by Assistant United States Attorney Stephanie Whitaker.

**BACKGROUND**

During 2003, law enforcement officers arrested a number of persons who were distributing methamphetamine. Some of them began cooperating. More than one indicated that Omar Lizarraga-Cedano was involved. The officers obtained search warrants for a residence at which he had stayed in the past (1635 E. Bismark) and a residence at which he was staying at the time (809 N. Vista). At the East Bismark residence, officers found two handguns and a number of items of drug paraphernalia, including a baggie with his fingerprint on it. Several items of drug paraphernalia contained traces of either cocaine or a substance used to "cut" cocaine. At the North Vista residence, officers found bills that had been sent to Antonio Medina, a name used

ORDER DENYING MOTION TO VACATE - 1

by Mr. Lizarraga-Cedano. One of the bills had been mailed to the East Bismark residence. In addition, the officers found two handgun ammunition "clips." One of them fit a handgun at the East Bismark residence. The investigation continued. In due course, the officers arrested Mr. Lizarraga-Cedano and a grand jury returned an indictment. He exercised his right to a jury trial. Besides the items that were seized at the East Bismark and North Vista residences (together with other physical evidence), the government presented testimony from multiple witnesses who implicated him in the distribution of both methamphetamine and cocaine. For example, Michelle Mitchell said that, at the time of her arrest, she and her boyfriend were receiving large quantities of methamphetamine from Mr. Lizarraga-Cedano every two or three days. Breanne Ruff corroborated her testimony. The jury convicted Mr. Lizarraga-Cedano of conspiracy to distribute methamphetamine, 21 U.S.C. § 846, and possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). His attorney filed a motion for a new trial. Fed.R.Crim.P. 33. The Court denied the motion at the beginning of the first of two sentencing hearings. At the conclusion of the second hearing, the Court sentenced Mr. Lizarraga-Cedano to 372 months imprisonment on the conspiracy count and 240 months imprisonment on the possession-with-intent-to-distribute count. The two terms are running concurrently. Mr. Lizarraga-Cedano appealed. Among other things, his attorney argued that the evidence was insufficient to support the possession-with-intent-to-distribute conviction. The Ninth Circuit disagreed, affirming the conviction. The District Court Executive received the mandate on August 21, 2006. On September 20, 2006, Mr. Lizarraga-Cedano filed a motion to vacate both convictions and both sentences.

ORDER DENYING MOTION TO VACATE - 2

28 U.S.C. § 2255.  He alleges that his former attorney failed to provide effective assistance at sentencing and on appeal.

**RULING**

Mr. Lizarraga-Cedano is not challenging the representation that his former attorney provided prior to or during his trial.  Instead, it is the representation that counsel provided at sentencing and on appeal which he challenges.  More specifically, he alleges that his former attorney should have argued that his mere presence at the East Bismark and North Vista residences did not establish that he possessed the items which the officers seized at those places.  Had counsel made this argument, says Mr. Lizarraga-Cedano, neither this Court nor the Ninth Circuit would have concluded that his convictions were supported by sufficient evidence.  Moreover, he submits that, even assuming the Ninth Circuit had affirmed his convictions, the circuit court would not have upheld a sentencing enhancement based upon possession of a dangerous weapon.

A. Assistance of Counsel at Sentencing

Since deciding *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court has not determined "what standard should apply to ineffective assistance of counsel claims in the noncapital sentencing context." *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir.), *cert. denied*, --- U.S. ----, 126 S.Ct. 442, 163 L.Ed.2d 336 (2005).  *See also Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir.2006) (same).  Even so, it is likely that an ineffective-assistance claim arising out of a noncapital sentencing in federal court is governed by the *Strickland* standard.  *Cf. Davis*, 443 F.3d at 1159 (Graber, J., concurring) (petition for habeas relief under 28 U.S.C. § 2254) (quoting *Glover v.*

ORDER DENYING MOTION TO VACATE - 3

*United States*, 531 U.S. 198, 202-04, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001)).  The *Strickland* standard is a familiar one.  To begin with, Mr. Lizarraga-Cedano must demonstrate that his former attorney's performance was deficient.  Furthermore, he must demonstrate that he suffered some material prejudice as a result.  466 U.S. at 687, 104 S.Ct. at 2064.

    Mr. Lizarraga-Cedano is correct about at least one thing. Whether he possessed the firearms that the officers seized at the East Bismark residence was a significant issue at sentencing.  The probation officer recommended a two-level enhancement on the ground that Mr. Lizarraga-Cedano possessed the firearms that were seized at that location.  U.S.S.C. § 2D1.1(b).  On November 30, 2004, his former attorney filed a written response to the presentence investigation report.  In paragraph four, he objected to the enhancement recommended by the probation officer.  He reiterated the objection at the first of the two sentencing hearings:

> I would also ask the Court to reflect upon the evidence, there were firearms not only found in the house on East Bismark *which my client had on occasion used, used the house*, but there were firearms also found at the Michelle Mitchell, Keith Peer residence in Coeur d'Alene.

(Transcript of Proceedings, December 15, 2004, at 14.)  (Emphasis added.)  No doubt counsel could have argued his position more clearly. However, his oral argument must be evaluated in light of the written objection he had submitted previously. Considered together, they adequately informed the Court that, while Mr. Lizarraga-Cedano acknowledged being present at the East Bismark residence, he denied possessing the firearms seized by the officers.  Thus, the record contradicts Mr. Lizarraga-Cedano's allegation that his former attorney

ORDER DENYING MOTION TO VACATE - 4

failed, at sentencing, to dispute the two-level sentencing enhancement recommended by the probation officer. Counsel's performance in that regard was reasonable. *See Strickland*, 466 U.S. at 690, 104 S.Ct. 2066 (a wide range of representation satisfies the Sixth Amendment).

B. Assistance of Counsel on Appeal

A person convicted of a federal crime has a right to effective representation during the course of his direct appeal. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir.2002). This right is not grounded in the Sixth Amendment, but in the Due Process Clause of the Fifth Amendment. *United States v. Baker*, 256 F.3d 855, 859 n.2 (9th Cir.2001); *Miller v. Keeney*, 882 F.2d 1428, 1434 n.4 (9th Cir.1989). Despite the fact that an allegation of ineffective appellate assistance rests upon the Fifth Amendment, rather than the Sixth Amendment, it is also governed by the *Strickland* standard. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000); *Baker*, 256 F.3d at 862.

*1. Conspiracy to distribute methamphetamine*

The opening brief that Mr. Lizarraga-Cedano's former attorney submitted to the Ninth Circuit listed four issues. The third issue involved the sufficiency of the evidence. Counsel's statement of the issue mentioned both the conspiracy conviction and the possession-with-intent-to-distribute conviction; but in analyzing the issue, counsel focused exclusively upon the latter conviction. He did not discuss the conspiracy conviction at all. However, the omission did not prejudice Mr. Lizarraga-Cedano. The evidence of a conspiracy to distribute methamphetamine was overwhelming. The testimony of Ms. Mitchell and Ms. Ruff was enough to prove beyond a reasonable doubt that Mr. Lizarraga-Cedano knowingly participated in it. *See United*

ORDER DENYING MOTION TO VACATE - 5

*States v. Alvarez*, 358 F.3d 1194, 1201-02 (9th Cir.), *cert. denied sub nom.*, *Valenzuela v. United States*, 543 U.S. 887, 125 S.Ct. 126, 160 L.Ed.2d 148 (2004). Thus, even if counsel had challenged the sufficiency of the evidence supporting the conspiracy conviction, and even if he had persuaded the Ninth Circuit that a rational jury could not have found that Mr. Lizarraga-Cedano possessed the East Bismark evidence, the circuit court nevertheless would have affirmed the conviction. It follows that Mr. Lizarraga-Cedano suffered no prejudice as a result of counsel's failure, on appeal, to challenge the sufficiency of the evidence supporting the conspiracy conviction. *Cf. Baker*, 256 F.3d at 863 (appellate counsel's failure to challenge the sufficiency of the evidence was not prejudicial because, given the record as a whole, the challenge would not have had a reasonable probability of success on appeal).[1]

   *2. Possession with intent to distribute cocaine*

   On appeal, Mr. Lizarraga-Cedano's former attorney challenged the sufficiency of the evidence supporting his conviction for possession with intent to distribute cocaine. Mr. Lizarraga-Cedano claims his brief was inadequate. As noted above, Mr. Lizarraga-Cedano insists counsel should have pointed out that his mere presence at the East Bismark residence did not prove he possessed the items that were located there. The problem with Mr. Lizarraga-Cedano's contention is

---

[1] A person may not obtain relief under § 2255 based upon a claim of ineffective appellate assistance unless he demonstrates both deficient performance and prejudice. *Cross*, 308 F.3d at 315. Failure to establish either element is fatal to his claim. *Id.* Since a reviewing court may resolve the prejudice prong of the test without passing judgment upon counsel's performance, it is often desirable to begin with the prejudice prong. *Id.*

ORDER DENYING MOTION TO VACATE - 6

there is no reason to think this omission affected the outcome of the Ninth Circuit's review of his conviction for possession with intent to distribute cocaine.  Without question, the items seized at the East Bismark residence were an important part of the government's case.  The jury heard conflicting evidence regarding Mr. Lizarraga-Cedano's presence at that location.  However, the Court instructed the jury that mere presence was not enough to establish that he committed the crimes charged unless the jury found that he was a participant.[2]  While counsel did not mention the instruction by number during his closing argument (it was No. 25), he did say that Mr. Lizarraga-Cedano's presence at the East Bismark residence was not enough to establish that he sold cocaine.  (Verbatim Report of Proceedings for September 10, 2004, at 89.)  Nevertheless, the jury returned a verdict of guilty.  The Ninth Circuit reviewed the evidence upon which the verdict was based.  In doing so, the circuit court was obligated to "respect the exclusive province of the jury to determine credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from the proven facts, by assuming the jury resolved all such matters in a manner which supports the verdict." *United States v. Gillock*, 886 F.2d 220, 222 (9th Cir.1989) (internal punctuation and citation omitted).  Thus, even if counsel had cited the mere presence doctrine in his brief, the Ninth Circuit almost certainly would have upheld his possession-with-intent-to-distribute conviction given the evidence that was presented to the jury and the instructions that it received.  It follows that Mr. Lizarraga-Cedano suffered no prejudice as a result of his former attorney's failure to discuss the mere

---

    The instructions are court record number 118.

ORDER DENYING MOTION TO VACATE - 7

presence doctrine.

**IT IS HEREBY ORDERED:**

Mr. Lizarraga-Cedano's motion to vacate (Ct. Rec. 217) is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to Mr. Lizarraga-Cedano and to counsel for the government.

**DATED** this ___9th___ day of August, 2007.

>                s/ Fred Van Sickle
>                Fred Van Sickle
>         United States District Judge

ORDER DENYING MOTION TO VACATE - 8