UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

       v.

OMAR LIZARRAGA-CEDANO,

             Defendant.

No. CR-04-15-FVS

ORDER DENYING MOTION TO VACATE

**THIS MATTER** comes before the Court based upon the defendant's motion to vacate his sentence and resentence him.  He is representing himself.

**BACKGROUND**

On March 31, 2005, the Court sentenced the defendant to a term of 372 months imprisonment based upon a jury's verdict that he committed the crimes of conspiracy to distribute a controlled substance, 21 U.S.C. § 846, and possession with intent to distribute a controlled substance.  He appealed.  One of his contentions was that his sentence was disproportionately long when compared to the sentences of his coconspirators.  The Ninth Circuit rejected this contention and affirmed his conviction and sentence on July 26, 2006.  On September 20, 2006, he filed a motion to vacate.  28 U.S.C. § 2255.  He argued he had been denied constitutionally effective assistance of counsel at sentencing and on appeal.  The Court denied his § 2255 motion, and the

ORDER DENYING MOTION TO VACATE - 1

Ninth Circuit affirmed.  On August 16, 2010, he filed a "Petition for Review of Sentence."  He urges the Court to vacate his sentence and resentence him.

**RULING**

The defendant argues the Court has authority to grant the relief he seeks under either of two statutes.  The first statute is 18 U.S.C. § 3742.  It permits a defendant to appeal a sentence.  Section 3742 is inapplicable because the defendant has appealed his sentence and his sentence has been upheld.  The other statute cited by the defendant is 18 U.S.C. § 3582(c).  It prohibits a district court from modifying a term of imprisonment unless:

> (1) the Director of the U.S. Bureau of Prisons moves to reduce the defendant's term of imprisonment; (2) a modification otherwise is expressly permitted by statute, or by Fed.R.Crim.P. 35; or (3) the defendant was sentenced based on a guideline range that subsequently was reduced by the U.S. Sentencing Commission, and a reduction is consistent with the Commission's policy statements.

*United States v. Guerra*,  No. 10-10049, 2010 WL 3155999, at *4 (11th Cir. Aug. 10, 2010).  None of the preceding contingencies exists.  Thus, § 3582(c) is inapplicable.  The only statute which arguably authorizes the Court to grant the relief that the defendant seeks is 28 U.S.C. § 2255.  *Harrison v. Ollison*, 519 F.3d 952, 956, (9th Cir.2008) ("'Generally, motions to contest the legality of a sentence must be filed under [28 U.S.C.] § 2255 in the sentencing court[.]'" (quoting *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir.2000))).  However, the defendant has already sought, and been denied, relief pursuant to § 2255.  He would have to obtain permission from the Ninth

ORDER DENYING MOTION TO VACATE - 2

Circuit in order to file a "second or successive" § 2255 motion.
*United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir.2009).  The Court
need not decide whether the defendant's "Petition for Review of
Sentence" is a "second or successive" § 2255 motion because he is not
seeking relief under that statute.  It is enough to observe that he is
not entitled to relief under either of the statutes upon which he
relies.  Thus, his "Petition for Review of Sentence" must be
dismissed.

**IT IS HEREBY ORDERED:**

1. The defendant's "Petition for Review of Sentence" (**Ct. Rec.
254**) is dismissed with prejudice.

2. The Court will not consider a motion for reconsideration.

3. The Court will not issue a Certificate of Appealability.

**IT IS SO ORDERED.**  The District Court Executive is hereby
directed to enter this order and furnish copies to the defendant and
to counsel for the government.

**DATED** this ___23rd___ day of August, 2010.

____s/ Fred Van Sickle_____
Fred Van Sickle
Senior United States District Judge

ORDER DENYING MOTION TO VACATE - 3