FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 20, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>OMAR LIZARRAGA-CEDANO,<br>    Defendant. | No. 2:04-CR-00015-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE; MOTION FOR RECONSIDERATION** |

Before the Court are Defendant's Motion for Reconsideration and Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Holloway Doctrine (2014), ECF No. 285 and Defendant's Motion Under § 3582(c)(1)(A) in the Wake of the First Step Act Based on Extraordinary and Compelling Reasons, ECF No. 287. The motions were heard without oral argument. Defendant, a federal prisoner at FCI McDowell, is representing himself. The United States is represented by Assistant United States Attorney Stephanie Van Marter.

1. **Defendant's Motion for Reconsideration and Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Holloway Doctrine (2014)**

    It appears Defendant is asking the Court to reconsider its re-sentencing decision that it issued on April 19, 2016, based on a district court opinion that was issued in the Eastern District of New York, *United States v. Holloway*, 68

F. Supp. 3d 310 (E.D. N.Y. 2014). It appears that Defendant believes the "Holloway Doctrine" permits the Court to ask or direct the prosecutor to exercise their discretion to agree to reduce or modify his sentence.

Not only is Defendant's motion untimely, the Ninth Circuit has not recognized the "Holloway Doctrine" and this Court declines to do so. Moreover, courts that have considered the so-called "Holloway Doctrine" motion have uniformly declined to follow it. *See e.g United States v. Nevers*, 2019 WL 7281929 (E.D. La. Dec. 27, 2019); *United States v. Thomas*, 2019 WL 4257245 (E.D. La. Sept. 9, 2019); *United States v. Diaz*, 2018 WL 4119900 (D. Haw. June 7, 2018); *Whitt v. United States*, 2017 WL 5257709 (N.D. Ind. Nov. 13, 2017); *United States v. Gonzalez*, 2017 WL 4022797 (D. Conn. Sept. 13, 2017). As such, Defendant's Motion for Reconsideration and Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Holloway Doctrine (2014) is denied.

2.     **Defendant's Motion Under § 3582(c)(1)(A) in the Wake of the First Step Act Based on Extraordinary and Compelling Reasons**

Defendant asks this Court to grant his release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A). He asserts the following extraordinary and compelling reasons exist that justify the granting of his motion: (1) the COVID-19 pandemic, and (2) Defendant's post-sentencing rehabilitation.

Notably, Defendant indicates that he does not have any physical conditions that place him at an increased risk for serious complications from COVID-19 infection. It appears that Defendant was infected with COVID-19 in November 2020 and suffered no serious complications and did not require hospitalizations. On the contrary, it appears that Defendant's infection was entirely asymptomatic.

Additionally, the United States indicates that while Defendant has participated in several educational programs during his time in BOP custody, including completing his GED, he also faced discipline several times, including for physical fights and weapons possession.

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE; MOTION FOR RECONSIDERTION ~ 2**

The Court finds that Defendant has not identified or proven extraordinary and compelling reasons warranting a sentence reduction or release.

Additionally, the 18 U.S.C. § 3553(a) factors counsel against release. Defendant was a leader of a drug trafficking organization operating out of the Tri-cities Washington area with distribution into Spokane, Northern Idaho, Montana and elsewhere that was responsible for pound-quantity trafficking of methamphetamine and cocaine. Defendant has been deported from the United States on four occasions prior to his arrest. The nature and circumstances of the underlying offense, as well as Defendant's history and characteristics do not support his position that he is a good candidate for release or sentence reduction.

Because Defendant has not shown that he meets the criteria for sentence reduction or release set forth in 18 U.S.C. § 3582(c)(1)(A), his motion is denied.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE; MOTION FOR RECONSIDERTION ~ 3**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Reconsideration and Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Holloway Doctrine (2014), ECF No. 285, is **DENIED**.

2. Defendant's Motion Under § 3582(c)(1)(A) in the Wake of the First Step Act Based on Extraordinary and Compelling Reasons, ECF No. 287, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 20th day of April 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE; MOTION FOR RECONSIDERTION** ~ 4