FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 01, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>OMAR LIZARRALA-CEDANO,<br><br>  Defendant. | No. 2:04-CR-00015-SAB-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

   Before the Court is Defendant's Motion for Sentence Reduction Pursuant to Amendment 814, ECF No. 311. Defendant is prisoner at the Federal Correction Institution, Hazelton and he is representing himself.

   Defendant was convicted by a Spokane jury on September 15, 2004 of count 1 (conspiracy to distribute 500 grams or more of a methamphetamine mixture) and count 3 (possession with the intent to distribute cocaine). The jury found Defendant responsible for at least 15 kilograms of a mixture of methamphetamine, possessing a firearm, and being a manager or supervisor. His Total Offense Level (TOL) was 43, with a Criminal History (CH) of IV (7 total criminal history points), and the U.S.S.G. sentence range was Life. Judge Van Sickle sentenced Defendant to 372 months and 5 years supervised release.

   In 2016 Judge Van Sickle reduced the sentence to 360 months due to a retroactive amendment in the sentencing guidelines. His Amended TOL was 41,

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** ~ 1

with CH IV, and the amended Guideline range was 360 months to Life.

Defendant now asks the Court to reduce his sentence pursuant to U.S.S.G. § 1B.13(6). He identifies three reasons why extraordinary and compelling reasons exist to justify his sentence reduction: (1) he has served about 20 years of his sentence; (2) he received an unusually long sentence for his minimal participation; and (3) he has a remarkable record of rehabilitation showing that if released, he would not be a danger to the public.

## BACKGROUND FACTS

Defendant is 46 years old and has been in prison for around 20 years. In the early 2000's Defendant was identified as a leader of a drug trafficking organization operating out of the Tri-Cities WA area with distribution into Spokane, Northern Idaho, Montana and elsewhere. There were over twenty defendants indicted and multiple federal cases tied to Defendant's drug trafficking organization. Several search warrants were executed that revealed the organization was trafficking in pound quantities of methamphetamine. During the trial, several witnesses testified they had been supplied pound quantities of methamphetamine for an extended period of time by the organization. Defendant had multiple residences and had multiple transporters who would distribute the methamphetamine to distributors throughout Spokane and North Idaho. The United States described the drug trafficking organization as "far reaching, very expansive and very sophisticated," reaching Spokane, Northern Idaho, Montana, and Nevada. ECF No. 209. It appears Defendant is unlawfully present in the United States and will be deported upon completion of his sentence.

## MOTION STANDARD

Generally, a federal court may not modify a term of imprisonment once it has been imposed. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)) (quotation omitted). Congress provided an exception to this rule, sometimes known as compassionate

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE ~ 2**

release, that permits courts to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). Defendant bears the burden of establishing that he is eligible for compassionate release. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

The court must consider compassionate release motions on an individualized basis, keeping in mind that the defendant must meet the following substantive considerations: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that a reduction is consistent with applicable policy statements issued by the Sentencing commission; and (3) that in considering and weighing the 18 U.S.C. § 3553(a) factors, the requested sentence reduction is warranted under the particular circumstances of the case. *United States v. Wright*, 46 F.4th at 945. A district court may deny the motion for compassionate release if a defendant fails to satisfy any of these considerations. *Id*.

Congress did not provide a statutory definition of "extraordinary and compelling reasons." *Aruda*, 993 F.3d at 799. Rather, it indicated the Sentencing Commission should describe what is considered extraordinary and compelling reasons for sentence reduction. *Id*. (citation omitted). In 2023, the Commission amended U.S.S.G. § 1B1.13(b) and clarified that six types of circumstances may qualify as "extraordinary and compelling." These are 1) the medical circumstances of the defendant, 2) the age of the defendant, 3) the family circumstances of the defendant, 4) whether the defendant was a victim of abuse while in custody, 5) other reasons that are similar in gravity to 1-4, and 6) an unusually long sentence. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason. 28 U.S.C. § 994(t). If a court finds that extraordinary and compelling circumstances exist, it must then look at the § 3553 factors to determine if these support a sentence reduction. *Keller*, 2 F.4th at 1284.

A defendant's unusually long sentence may constitute an "extraordinary and compelling reason" for compassionate release under the following circumstances:

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE ~ 3**

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the USSG that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. 1B1.13(b)(6).

Thus, in order to be eligible for compassionate release pursuant to § 1B1.13(b)(6), Defendant must show that:

(1) he was sentence to an unusually long sentence,

(2) he has served at least ten years in prison at the time of his Motion for Compassionate Release, and

(3) he is subject to a change in sentencing law (other than an amendment to the USSG that has not been made retroactive) that means he is not serving a grossly disparate sentence.

District courts have held that a sentence within the guideline range cannot be considered unusually long. *United States v. Villarreal*, 2022 WL 874967 (S.D. Cal. Mar. 24, 2022); *United States v. Roueche*, 2024 WL 4665568 (W.D. Wash. Nov. 4, 2024).

The guidelines state that the "rehabilitation of the defendant is not, by itself, an extraordinary or compelling reason" but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1.1B.13(d).

### Analysis

Defendant argues he should be released from imprisonment because he has already served 20 years, and he received an unusually long sentence for his minimal participation. However, case law does not support finding that simply

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** ~ 4

serving 20 years is an extraordinary and compelling reason to reduce a defendant's sentence.

Defendant cannot meet the requirements of U.S.S.G. 1B1.13(6). First, he cannot show his sentence is unusually long because 360 months is within the U.S.S.G. range. Second, Defendant has not shown the sentencing law has changed so that he is currently serving a grossly disparate sentence compared to what he would serve if sentenced today. While the U.S.S.G. changed based on the drug amounts since Defendant was first sentenced, he was resentenced based on this reduction. Defendant has not shown any other reduction would apply if he was sentenced today to show any disparity between the sentence he received and one that he would receive if he was sentenced today.[1]

Moreover, the Court rejects Defendant's assertions that he was a minimal participant. The record does not support this assertion, and Defendant's representations to the Court that he was only a minimal participant appear disingenuous.

Consequently, Defendant has not shown that extraordinary and compelling reasons justify a sentence reduction. And because of this, the Court need not consider whether his rehabilitation efforts standing alone justify a sentence reduction.

---

[1] For example, in *United States v. Lii*, the district court found that since the defendant was sentenced, the sentencing law changed in that only one of his prior convictions would have triggered an enhanced mandatory minimum, and the mandatory minimum based on one prior offense was lowered to 15 years rather than 20 years. 528 F.Supp.3d 1153 (D. Hawai'i 2021). The court reasoned that if the defendant was sentenced today, it would not have sentenced him in excess of 15 years, given the U.S.S.G. range was 151 to 188 months at that time of sentencing. *Id.*

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE ~ 5**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Sentence Reduction Pursuant to Amendment 814, ECF No. 311, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to Defendant.

**DATED** this 1st day of July 2025.

Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE ~ 6**